## Miller v. Bradley, et al.

(Decided January 14, 1927.)

Appeal from Lee Circuit Court.

1. Contracts—Petition by Driller of Oil Well, Seeking Damages for Defendant's Failure to Furnish Water as Agreed, Must Allege Demand for Water.—In action by one contracting to clean out and drill oil wells for damages for defendant's failure to furnish water as agreed, petition not alleging that plaintiff notified defendant that he was on premises, or that he demanded water, held not to state cause of action.

2. Contracts—Defendants Who Agreed to Furnish Water to Driller of Oil Well Must Furnish it Within Reasonable Time After Demand.—Where contract for cleaning out and drilling oil wells provided that defendants should furnish water, but did not fix time for furnishing it, they were required only to furnish water within reasonable time after demand or notice.

3 Contracts—Well Driller's Petition for Failure to Furnish Water, Not Alleging Failure for Reasonable Time After Demand, Did Not State Cause of Action.—In action by one contracting to clean out and drill oil wells for damages for defendants' failure to furnish water as agreed, petition alleging demand for water, but not facts showing failure or refusal to comply within reasonable time—allegation being that he failed to supply it at once —held not to state cause of action.

G. W. PENDERGRASS and J. K. ROBERTS for appellant.

BEATTY & BEATTY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

On May 5, 1925, Elmer Miller entered into a contract with the Bradley Oil Company, a partnership composed

of S. M. Bradley, G. S. McDonald and C. B. McGuire, to clean out three wells at the stipulated price of $25.00 a day, and to drill one well at the price of $1.50 a foot. The contract contained the further provision, "second party (Bradley Oil Company) is to furnish all fuel and water."

This action was brought to recover $213.50 balance due for labor in cleaning out the wells, and also damages in the sum of $1,500.00 alleged to have been occasioned by the failure of the Bradley Oil Company to furnish the water needed in the performance of the work. Liability for the item of $213.50 was admitted, and a judgment for that amount was paid. To that portion of the petition as amended seeking to recover damages for failure to furnish water, a demurrer was sustained, and to that extent the petition as amended was dismissed. Plaintiff appeals.

With regard to the damages for failure to furnish water the allegations of the petition are as follows:

> "He says that the defendants broke and failed to comply with their part of the contract in this, that they failed and refused to furnish water, which was absolutely necessary, for thirty days between June 1, 1925, and September 30, 1925, same being during the period at which he began and completed said new well, and that he was compelled to and did shut down for a period of thirty days between the commencement and completion of said well on account of the failure of the defendants to furnish water as aforesaid; that he worked two shifts of 12 hours each on his drilling machine; that each shift in oil parlance means one day; that by reason of the failure of the defendants to furnish the plaintiff with water to do said work he has been damaged in the sum of fifteen hundred ($1,500.00) dollars; that while so shut down for water he had his drilling machine on the location for said well and was therefore not able to procure or do other work with same, and that he and said machine and his employees were unable to proceed with said work."

The allegations of the amended petition are as follows:

> "Comes the plaintiff, Elmer Miller, by leave of court, and reiterating each and every allegation of

his original petition the same as copied in full herein, and amends his original petition and for amendment states that immediately after he was compelled to shut down for water he notified the defendant, S. M. Bradley, both in person and by mail of said fact, and requested and demanded that he at once furnish him with water with which to complete said well, and that he failed and refused to furnish same to his damage as set out in the petition.''

An examination of the original petition will disclose that it contains no averment that appellant ever notified appellees that he was on the premises ready to proceed with the work, or that any demand for water was ever made on them. For aught that appears in the petition, appellees, who did not live near the premises, may not have known that appellant was ever on the premises with his drilling outfit. It follows that the original petition was plainly defective. Appellant sought to cure this defect by alleging in the amended petition ''that immediately after he was compelled to shut down for water he notified the defendant, S. M. Bradley, both in person and by mail of said fact, and requested and demanded that he at once furnish him with water with which to complete said well, and that he failed and refused to furnish same to his damage as set out in the petition.'' The contract does not fix a time for furnishing the water. That being true, appellees' obligation extended no further than to require them to furnish the water within a reasonable time after demand or notice. While the amended petition alleges a demand, it alleges no facts showing a failure or refusal to comply within a reasonable time after the demand. The alleged demand was that the water be furnished ''at once,'' and the further allegation ''that he failed and refused to furnish same'' simply means that he failed and refused to furnish same ''at once.'' This may be true and yet appellees may have furnished the necessary water within a reasonable time after the demand. We are therefore constrained to hold that the petition as amended did not state a cause of action for appellees' failure to furnish water.

Judgment affirmed.